**Darrell Arthur HICKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–844.**

Court of Criminal Appeals of Oklahoma.

May 21, 1987.

Johnie O'Neal, Ronald Wallace, Asst. Public Defender, Jeff Schoberg, Legal Intern, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

Darrell Arthur Hicks, a/k/a Darrell Welch, appellant, was convicted of Burgla-

ry in the second degree in Tulsa County Case No. CRF–82–1751 and sentenced to serve five years. The sentence is to run concurrently with a conviction from the United States District Court for the Northern District of Oklahoma, No. 82–CR46–E. He appeals.

The jury was waived, and the trial was a stipulation of facts presented to the Court for a final determination. The sole issue in this appeal is a claim that the State of Oklahoma lost jurisdiction to try appellant for failure to comply with the speedy trial provisions of the Oklahoma Interstate Agreement on Detainers (the Act). 22 O.S. 1981, §§ 1345 to 1349.

Appellant was charged in the instant case on May 17, 1982. While incarcerated in the Federal Detention Facility at El Reno, Oklahoma, appellant, suffering from a back ailment, was transferred to Springfield, Missouri, to the prison hospital for treatment. On November 2, 1982, while in the hospital and pursuant to article III(a) of the Act, appellant initiated a demand for trial. The documents necessary to transfer custody of appellant from the federal authorities to the Tulsa County Sheriff were processed, and transportation and delivery was to be accomplished on December 14, 1982. The transfer of custody was not, however, completed because the hospital advised the Tulsa County authorities they would not release appellant because of his health. The Tulsa County authorities asked to be notified when he could travel. According to appellant's brief, he was returned to El Reno on January 15, 1983. Tulsa County was not notified.

The next contact the State received from the federal prison system was a form letter stating the detainer proceeding, that had been initiated on November 8, 1982, "must be rendered void" for failure to bring appellant to trial or to get a continuance in the requisite 180 days. The Tulsa County District Attorney's Office responded with a new temporary custody request, complete with paperwork necessary to obtain custody on August 22, 1983. On August 24, 1983, the District Attorney was advised appellant was challenging the request, and

that it would be thirty days before the request would be honored. 22 O.S.1981, § 1347 art. IV(a). That letter was also an acknowledgement that the federal authorities were proceeding under article IV, a state initiated request, and not a revival of the former proceeding under article III, an inmate initiated request. If the proceedings were brought under article IV, the State would have had 120 days to bring appellant to trial and not 180 days as set out in article III.

The District Attorney responded, however, with a form appropriate for an article III proceeding. Appellant was transferred to the State's custody on November 18, 1983, for trial on November 21; he arrived at the Tulsa County Jail on November 21 and plead not guilty. The preliminary hearing was set for December 5.

On the fifth, the case was passed by agreement to the ninth, and ultimately, it was reset and heard on December 23. District Court arraignment was set for January 3, 1984. The arraignment was continued seven times, five at appellant's request, and twice unspecified. It was finally concluded on April 16 with the entry of a not guilty plea. Trial was set for June 25 and was then passed to the 26th. Appellant was found guilty and sentenced to five years. His state sentence was to run concurrent with his federal sentence.

When appellant first arrived in Tulsa County, he challenged the jurisdiction of the Tulsa County District Court to try him claiming that more than 180 days had lapsed since he filed his request in November of 1982; the court held against him. The gravamen of the trial court's ruling was that the delay was due to appellant's poor health, therefore, the time (180 days) was tolled until the State again made a request through the Act, or the federal authorities advised appellant was able to be moved to Tulsa for trial.

Appellant claims it was the Tulsa County Prosecutor's burden to keep track of him, to discover when his medical disability was remedied and to then arrange to transport him for trial. He also argues that if the State is found to be without fault that the

fault would be with the federal prison system for failure to notify the State when appellant was released from the hospital. Appellant contends he is without fault, and that the 180 days were not tolled as the State claims because they failed to get a judicially sanctioned continuance during the 180 days. In article VI, the Act provides that if a prisoner is unable to stand trial, the court having jurisdiction may make such a determination and the time will be tolled accordingly. Appellant claims the determination must be made during the 180 or 120 days provided for in articles III or IV, respectively.

We do not find any validity to this claim as it applies to the instant case. In article III and IV, identical language is found, to-wit:

> for good cause shown in *open court*, the *prisoner or his counsel being present*, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. (Emphasis Added)

Appellant's interpretation of articles III, IV and VI, as applied to the facts in this case, would have called for an ex parte hearing before the Tulsa County District Court. He was never in Tulsa County during the 180 days after his article III notice was filed. Appellant was outside the bounds of this State. Due to a doctor-patient relationship, the medical people treating appellant in Springfield would have been his agents, even though they are federal penal employees. When they refused to honor the Oklahoma detainer, they did so on appellant's behalf. If appellant disagreed with his doctor's refusal to release him, he should have brought an action in Missouri, where he was at that time.

The tolling issue was presented to the Tulsa County District Court shortly after appellant arrived in Oklahoma. The trial court found the time was tolled; and, thereby, reached the right conclusion. We find, however, that the original detainer instituted under article III was a nullity due to appellant's own fault. He created the condition intentionally by filing notice when he was physically infirm. The matter that was before the Court in November of 1983 was a new detainer filed by Tulsa County under article IV with a 120 day time limit. The federal authorities treated it as such, as evidenced by the record.

Appellant was not tried until June 26, 1984. The 120 days that commenced in November were tolled by appellant's requests for continuances at five separate hearing dates. His June trial was timely. *Henager v. State*, 716 P.2d 669, 674 (Okl. Cr.1986).

Appellant's judgment and sentence are AFFIRMED.

BUSSEY and PARKS, JJ., concur.